**KAW VALLEY STATE BANK, Appellant,**

v.

**Donald STANLEY, Respondent.**

**No. KCD 26707.**

Missouri Court of Appeals, Kansas City District.

Sept. 3, 1974.

Jim Tom Reid, Shockley, Reid & Koger, Kansas City, for appellant.

Thomas J. Walsh, Lee's Summit, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

Plaintiff bank sought a judgment against the individual defendant on a theory of conversion. In a jury-waived trial, the court found for the defendant.

The appeal of plaintiff bank raises a unique question involving the Uniform Commercial Code. The issue, although narrow, cannot be stated except against a factual background.

John L. White and Barbara White (not parties here) obtained a loan from plaintiff bank of $5,350.56 to finance the purchase of a sailboat from an Arkansas manufacturer. The Whites signed a note and security agreement, and the Bank paid for the sailboat by a check to the manufacturer in the amount of $4,244.34. The loan officer who negotiated the loan to the Whites did not testify. Mrs. White's testimony by

deposition was that in the spring of 1968 her husband was operating as a boat dealer under the name Kansas City Yacht Sales using their residence as an office for this part time occupation. She described his business cards as bearing the name Kansas City Yacht Sales, the home phone and the name of the manufacturer of the sailboat, Kenner Boat Co., and a listing of models of sailboats sold by them. White displayed the sailboat in question at a boat show in a shopping center in Kansas with the designation and the "company" name on a sign with another legend indicating it was financed by the plaintiff bank. The loan application of plaintiff bank was in evidence. It bears notations in three different hands and inks. The information normally supplied by the customer is in blue ink and printed. There are some notations as to the Whites' indebtedness which are in a deeper blue and the third and most significant writing is in black ink in a distinctive hand and relates to the loan transaction itself. This is signed by the person interviewing the applicant and contains the loan amount, payments, description of applicant and similar details a loan officer of a bank would normally handle. Significantly, the form contains under a printed caption:

"reason for loan"

"will go dealer cost minus 10%"

Also on the front of the form in the same color ink and in a similar writing style, under the printed caption, "Dealer," appears the notation: "Kansas City Yacht Sales."

On May 14, 1968, the defendant Stanley who had observed the sailboat at Lake Jacomo, where Mrs. White testified White took it after its purchase, talked with White about purchasing the boat. Stanley had located White who, he understood, was dealing in Kenner Boats by calling him at a Buick agency, White's full time employer. In evidence was an "order" form dated 6–24–68 bearing the heading Kenner Boat Co. and showing as "salesman," K. C. Yacht Sales. The order form describes the sailboat in detail, in-

cluding the serial number, and in evidence were two checks from Stanley to Kansas City Yacht Sales for the purchase price. The order has scrawled upon it "Paid in full 6–28–68 K. C. Yacht Sales John L. White."

Stanley borrowed a part of the purchase price from the Country Club Bank and executed a security agreement, but this security interest is not involved in the dispute.

The plaintiff bank had recorded the Whites' security agreement in Johnson County, Kansas, on March 27, 1968. Country Club Bank recorded its security agreement from Stanley July 3, 1968. All agree that the filing was appropriate and timely.

After the sale to Stanley, White continued the payments to the plaintiff bank until September, 1969. After default, the plaintiff bank investigated, learned of the sale and brought this suit.

White has apparently separated from his wife and absconded.

Appellant bank concedes that if defendant is properly a buyer in the "ordinary course of business" pursuant to Section 400.1–201(9) RSMo 1969, V.A.M.S., he is entitled to the protection of Section 400.9–307(1) RSMo 1969, V.A.M.S., which would defeat the bank's claim.

Appellant bank also concedes defendant's good faith and his lack of knowledge of the bank's security interest. The narrow issue thus remaining is the application to these facts of that portion of Section 400.1–201(9) RSMo 1969, V.A.M.S. requiring that the purchase be from "a person in the business of selling goods of that kind." The thrust of appellant's claim as to error by the trial court is that the court did not *find* that White was in the business of selling boats; and even if such a finding were made, there was no evidence to support such a finding.

On the first branch of the argument, the court's recitation of findings in-

cludes the following: "I find that, . . ., Mr. Stanley, in the course of his purchase of this boat, : . . was, in fact, a buyer in the ordinary course of business, which by Section 400.1–201, . . . means a person who . . . buys from a person in the business of selling goods of that kind, . . ."

This is plainly a finding that White was, in fact, a seller of boats. But even if there were not the explicit finding noted above, Rule 73.01(b) V.A.M.R., would require an implication of that finding in view of the result reached. Appellant insists that another statement by the court, " . . . I believe and therefore find that there is sufficient evidence upon which Mr. Stanley, the defendant, believed that he was dealing with a person engaged in the business of selling boats at the time that he purchased the boat in question from one John L. White," shows that the court rested its decision on a finding that Stanley *believed* White was in the business of selling boats. This ignores the explicit finding of the court as to. the applicability of Section 400.1–201 RSMo 1969, V.A.M.S., which the court clearly understood required that there be "a person in the business of selling goods of that kind." The court's reference to Mr. Stanley's belief, taken in the full context, is no more than surplusage.

Speaking to the second branch of the argument, the failure of the evidence to support the finding, Rule 73.01(d) determines the scope of review. It is not *de novo* but a review of the law and the evidence with regard for the right of the trial judge to determine credibility, the judgment not to be set aside unless clearly erroneous. Upon that basis of review, the evidence supports the trial court's finding White was a dealer in boats. The loan application showed the name White used was Kansas City Yacht Sales. His wife said he was in that business using that name. The bank knew he had boats on another lake. White held himself out to the general public as a dealer in a boat show. He had also represented to the witness Paris he was such a dealer. White received the proceeds in checks made out to Kansas City Yacht Sales. The order form of Kenner Boat Co. showed K. C. Yacht Sales as salesman, and Kenner honored that sale by performing warranty work for Stanley.

Appellant points to the fact that the evidence does not disclose White had the merchant's license required by Section 150.100 RSMo 1969, V.A.M.S. The license required by that section is a part of the general statute on ad valorem tax collection and is a part of the enforcement plan for that tax. The failure of White to pay approximate ad valorem tax or to violate the licensing statute cannot, as a matter of law, defeat the right of Stanley to the protection of the provisions of the Uniform Commercial Code. In any event, the evidence does not show affirmatively he was not licensed; the record is void as to any such license. To hold that proof of licensing is required under Section 400.1–201 RSMo 1969, V.A.M.S. would engraft on that statute a requirement not included in the definition. Section 150.100 RSMo 1969, V.A.M.S. is not in *pari materia* with the Uniform Commercial Code sections, and they do not need to be construed together. The fact of license or no license is just that; another fact in the matrix to determine White's status as a merchant.

Appellant cites only a Pennsylvania case, Al Maroone Ford, Inc. v. Manheim Auto Auction, Inc., 205 Pa.Super. 154, 208 A.2d 290 (1965), as authority that White was not a merchant. The Maroone case had as a fact evidencing merchant status of the debtor who sold to another in violation of the prior security agreement only a notation on the sale paper that the debtor was a used car dealer. Such a single self-serving statement is far different from the facts developed in this case.

The judgment of the trial court is not clearly erroneous, and it is affirmed.

All concur.